UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x

JOSEPH ALVAREZ,

Plaintiff,

-against-

THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF ENVIRONMENTAL PROTECTION, JAY NOVEGROD, JOSEPH PAVIA, LESTER LINDEMANN, JOSEPH MASSARO, JOHN BARRY, WILLIAM D. ROSARIO, (sued in their individual and official capacities, pursuant to NYEL s. 290 et seq.) as well as Title 8: Administrative Code of the City of New York,

Defendants.

----------------------------------------------------------------------x

**ANSWER**

09cv3943 (ERK)(MDG)

Defendant Joseph Massaro by his attorney, **MICHAEL A. CARDOZO**, Corporation Counsel of the City of New York, as and for his answer to the Complaint, respectfully alleges as follows:

Deny the allegations set forth in the un-numbered "Preliminary Statement" of the Complaint except admit that plaintiff purports to proceed as stated therein.

1. Deny the allegations set forth in paragraph "1" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

2. Deny the allegations set forth in paragraph "2" of the Complaint except admit that plaintiff purports to invoke the jurisdiction of the Court as stated therein.

3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that plaintiff purports that to lay the venue for the trial of this action as stated therein.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “4” of the Complaint except admit that plaintiff purports that to lay the venue for the trial of this action as stated therein.

5. Deny the allegations set forth in paragraph “5” of the Complaint except admit that the New York City Department of Environmental Protection ("DEP") has its principal office located at 59-17 Junction Boulevard, Flushing, New York, 11373 and that plaintiff purports that to lay the venue for the trial of this action as stated therein.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “6” of the Complaint.

7. Deny the allegations set forth in paragraph “7” of the Complaint.

8. The allegations in paragraph “8” of the Complaint set forth legal conclusions to which no response is required; however, to the extent those allegations may be deemed factual, those allegations are denied.

9. The allegations in paragraph “9” of the Complaint set forth legal conclusions to which no response is required; however, to the extent those allegations may be deemed factual, those allegations are denied.

10. Deny the allegations set forth in paragraph “10” of the Complaint.

11. Deny the allegations set forth in paragraph “11” of the Complaint.

12. Deny the allegations set forth in paragraph “12” of the Complaint.

13. Deny the allegations set forth in paragraph “13” of the Complaint.

14. Deny the allegations set forth in paragraph “14” of the Complaint.

15. Deny the allegations set forth in paragraph “15” of the Complaint except admit that Joseph Pavia prepared performance evaluations of plaintiff.

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint.

19. Deny the allegations set forth in paragraph "19" of the Complaint.

20. Deny the allegations set forth in paragraph "20" of the Complaint except admit that Lester Lindermann was a supervisor who signed as a "reviewer" on one or more of plaintiff's performance evaluations.

21. Deny the allegations set forth in paragraph "21" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint.

24. Deny the allegations set forth in paragraph "24" of the Complaint.

25. Deny the allegations set forth in paragraph "25" of the Complaint except admit that Joseph Massaro was Plant Chief at DEP's Tallman Island Water Pollution Control Plant ("Tallman Island").

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint except admit that John Barry has been Assistant Plant Chief at Tallman Island since in or about 2007.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint except admit that William D. Rosario is Section Chief, Material Management, DEP Bureau of Wastewater Treatment.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint.

40. Deny the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint except admit that in or about April 2008, plaintiff was assigned to DEP's North River Warehouse for retraining.

43. Deny the allegations set forth in paragraph "43" of the Complaint except admit upon information and belief that on or about May 17, 2004, plaintiff was hired as a Provisional Supervisor of Stockworkers assigned to DEP's Bureau of Wastewater Treatment Tallman Island Wastewater Treatment Plant.

44. Deny the allegations set forth in paragraph "44" of the Complaint except admit that as a Supervisor of Stockworkers, plaintiff's responsibilities included the care for, distribution of and storage of materials, supplies and equipment in a storage area (tool room).

45. Deny the allegations set forth in paragraph "45" of the Complaint except admit that as a Supervisor of Stockworkers, plaintiff's responsibilities included storage area

maintenance, ensuring that all items were accounted for, easily located, stored neatly and in an orderly fashion.

46. The Complaint does not contain a paragraph "46."

47. The Complaint does not contain a paragraph "47."

48. The Complaint does not contain a paragraph "48."

49. The Complaint does not contain a paragraph "49."

50. Deny the allegations set forth in paragraph "50" of the Complaint except admit that as a Supervisor of Stockworkers, plaintiff's responsibilities included unloading trucks, and operating equipment when required.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint except admit that Pavia and Novegrod are friends.

57. Deny the allegations set forth in paragraph "57" of the Complaint except admit that Novegrod was in charge of the tool room.

58. Deny the allegations set forth in paragraph "58" of the Complaint except admit that Robert Colao had interviewed plaintiff when he initially applied for a position with DEP.

59. Deny the allegations set forth in paragraph "59" of the Complaint.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint.

62. Deny the allegations set forth in paragraph "62" of the Complaint.

63. Deny the allegations set forth in paragraph "63" of the Complaint.

64. Deny the allegations set forth in paragraph "64" of the Complaint except admit upon information and belief that Joseph Pavia initially gave plaintiff an overall rating of "conditional" on his performance evaluation for the period from 5/17/04 to 12/31/04, and that after consultation with then Plant Chief Robert Durbin, that evaluation was revised.

65. Deny the allegations set forth in paragraph "65" of the Complaint except admit that Henry Bara completed plaintiff's annual evaluations for 2005 and 2006.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint except admit upon information and belief that plaintiff provided a memorandum dated February 25, 2005 to Paul Patch and Robert Durbin concerning his interactions with Jay Novegrod and respectfully refer the Court to that memorandum for a true and complete statement of its contents.

68. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "69" of the Complaint.

70. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph “71” of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding the statement allegedly made by George Ferguson.

72. Deny the allegations set forth in paragraph “72” of the Complaint except deny knowledge or information sufficient to form a belief as to the truth of the allegation that Mike Halik, John Brooks, and Robert Krollage witnessed the statement allegedly made by Geroge Ferguson.

73. Deny the allegations set forth in paragraph “73” of the Complaint.

74. Deny the allegations set forth in paragraph “74” of the Complaint.

75. Deny the allegations set forth in paragraph “75” of the Complaint except admit upon information and belief that Novegrod was assigned to work outside of the tool room for approximately five weeks.

76. Deny the allegations set forth in paragraph “76” of the Complaint except admit upon information and belief that on or about February 2, 2007, DEP's Equal Employment Opportunity Office received a complaint of discrimination from plaintiff dated January 31, 2007.

77. Deny the allegations set forth in paragraph “77” of the Complaint.

78. Deny the allegations set forth in paragraph “78” of the Complaint except admit upon information and belief that Joseph Pavia gave plaintiff an overall rating of "conditional" on his 2007 annual performance evaluation.

79. Deny the allegations set forth in paragraph “79” of the Complaint and respectfully refer the Court to the evaluations for a true and accurate statement of their contents.

80. Deny the allegations set forth in paragraph “80” of the Complaint except admit upon information and belief that on or about March 5, 2008, when plaintiff was given his

annual evaluation for 2007, he indicated to Joseph Pavia and Lester Lindermann that he was dissatisfied with the rating; and that on or about March 25, 2008, Joseph Massaro told plaintiff to report to DEP's North River Warehouse for retraining on March 31, 2008.

81. Deny the allegations set forth in paragraph "81" of the Complaint except admit that plaintiff submitted a memorandum addressed to Joseph Massaro dated March 25, 2008 which requested a written explanation as to why plaintiff was being required to retrain, and respectfully refer the Court to the memorandum for a true and correct statement of its contents.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint.

84. Deny the allegations set forth in paragraph "84" of the Complaint except admit upon information and belief that on March 28, 2008, Edie Kantrowitz, Deputy EEO Officer, sent a delay notification letter to plaintiff and respectfully refer to the letter for a true and accurate statement of its contents.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint.

87. Deny the allegations set forth in paragraph "87" of the Complaint.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "89" of the Complaint.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "91" of the Complaint.

92. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "92" of the Complaint.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "95" of the Complaint.

96. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "96" of the Complaint.

97. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "102" of the Complaint except admit that Joseph Massaro wrote a memorandum dated April 14, 2008 and respectfully refer the Court to the memorandum for a true and accurate statement of its contents.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint except admit that by letter dated August 6, 2008 plaintiff advised DEP that he wished to remain working

at the North River Materials Management Central Warehouse and that plaintiff did not return to Tallman Island.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint except admit that plaintiff filed a Verified Complaint with the New York State Division of Human Rights and the U.S. Equal Employment Opportunity Commission and respectfully refer the Court to the Verified Complaint for a true and complete statement of its contents.

109. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "109" of the Complaint.

**AS AND FOR A FIRST DEFENSE**

110. The Complaint fails to state any claim upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

111. The Complaint is barred, in whole or in part, by the applicable statute of limitations.

**AS AND FOR A THIRD DEFENSE**

112. An agency of the City of New York is not a suable entity and, thus, any named defendants that are agencies of the City of New York must be dismissed from this case.

**AS AND FOR A FOURTH DEFENSE**

113. The Complaint's request for punitive damages is barred, in whole or in part, because punitive damages are not available against a government or a governmental subdivision.

**AS AND FOR A FIFTH DEFENSE**

114. Upon information and belief, plaintiff failed to mitigate damages.

**AS AND FOR A SIXTH DEFENSE**

115. The conduct complained of consists of nothing more than what a "reasonable victim of discrimination" would consider "petty slights and trivial inconveniences."

**AS AND FOR AN SEVENTH DEFENSE**

116. At all times relevant to the acts alleged in the Complaint, defendants' conduct was reasonable, proper, lawful, constitutional, made in good faith for nondiscriminatory, legitimate, business reasons, and without malice or without willful intent to violate any applicable law, rule or regulation.

**AS AND FOR A SEVENTH DEFENSE**

117. Defendants exercised reasonable care to prevent and promptly eliminate any harassing behavior.

118. The City and DEP did not have knowledge of the alleged actions or inactions by City employees, nor was it reasonable for the City or DEP to have had such knowledge.

119. The City and DEP could not have exercised reasonable care to prevent and correct promptly any of the actions or inactions about which plaintiff complains.

120. Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the City and DEP or to otherwise avoid harm.

121. The City and DEP are not liable under the doctrine enunciated in such cases as Faragher v. Boca Raton, 524 U.S. 775 (1998) and Burlington Industries v. Ellerth, 524 U.S. 742, 754 (1998).

**AS AND FOR A NINTH DEFENSE**

122. Individual defendants are not subject to suite under Title VII, thus, these claims must be dismissed as against any individually named defendants.

**AS AND FOR A TENTH DEFENSE**

123. Defendants are shielded from suit by the doctrines of absolute immunity, qualified immunity, common law immunity, judicial immunity, or any combination of these doctrines.

**CONCLUSION**

**WHEREFORE,** defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for defendants, and that defendants be granted costs, fees, and disbursements together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 12, 2010

**MICHAEL A. CARDOZO**
Corporation Counsel of the
City of New York
Attorney for Defendant Joseph Massaro
100 Church Street, Room 2-117
New York, N.Y. 10007-2601
Tel: 212-788-0956
E-mail: cswitzer@law.nyc.gov

By: **ECF** /s/
Cindy E. Switzer
Assistant Corporation Counsel

09cv3943 (ERK)(MDG)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

ALVAREZ,

Plaintiff,

-against-

CITY OF NEW YORK, et al.,

Defendants.

**ANSWER**

MICHAEL A. CARDOZO
Corporation Counsel of the City of New York
Attorney for Defendants
100 Church Street, Room 2-117
New York, New York 10007-2601

Of Counsel: Cindy E. Switzer
Tel.: 212-788-0956

NYCLIS No.: 2008-034455

*Service of which is hereby acknowledged:*

........................................, N.Y. Dated: ........................................

Signed: ..........................................................................................

Print Name: .....................................................................................

Attorney for: ...................................................................................